State of Alabama
United States District Court
Middle District of Alabama

2007 FEB -6 A 9: 34

DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

United States of America,

Plaintiff,

Case No.: 2:05-CR-138-LSC
Hon. Judge: L. Scott Coogler

v.

2:07cv 113-mht

Dimitri Ray Henderson,

Defendant.

Dimitri Ray Henderson 11739-002
Federal Detention Center
P.O. Box 1000
Milan, MI 48160

## BRIEF IN SUPPORT OF MOTION TO AMEND OR CORRECT JUDGMENT

### FACTUAL BACKGROUND:

On Thursday, July 14, 2005, the Defendant, Dimitri Ray Henderson, was sentence in the 6th Circuit Court for the County of Oakland to a

-1-

term of 28 months to 15 years of imprisonment for a probation violation offense. Then on Thursday, July 21, 2005, the Defendant was transported to the Michigan Department of Corrections RG&C in Jackson, Michigan. A Federal Detainer was lodged on Monday, August 29, 2005, and the Defendant was removed from MDOC state custody by a federal writ of habeas corpus to answer to federal charges.

The Defendant received an Superseding Indictment on or about September 08, 2005. The Grand Jury charged the Defendant, Dimitri Ray Henderson, with 85 counts of Transportation of Counterfeited Securities 18 USC§2314. It was alleged that on or about January 09, 2005, continuing up to or about February 23, 2005, in Montgomery County in the Middle District of Alabama and elsewhere, the Defendant, Dimitri Ray Henderson, did fraudently and willfully cause to be transported,

-2-

transmitted, and transferred in interstate commerce from Montgomery, Alabama to Cincinnati, Ohio, a false made, forged, alter and counterfied security.

The Defendant appeared before the United States Magistrate Judge, Susan Russ Walker on Wednesday, September 21, 2005, for a federal arrest warrant that was issued on Thursday, September 15, 2005.

On Monday, February 06, 2006, the Defendant appeared before the United States Magistrate Judge, Delores R. Boyd to enter a plea of guilty to count 1 of the Superseding Indictment that was filed against him.

On Thursday, June 08, 2006, the Defendant appeared before the United States District Judge, L. Scott Coogler to receive a sentence of 12 months and 1 day in the custody of the Bureau of Prisons.

The Defendant was placed in Montgomery City Jail, which is a Federal Holding Facility for approximately 10 months during the time of his federal proceedings. Overall, the Defendant was in federal

custody from Wednesday, August 29, 2005, "which is the day the Federal Detainer was lodged" until Friday, July 07, 2006, when he return back to Cotton Correctional Facility in Jackson, Michigan.

## ARGUMENT:

To determine whether Defendant has been consider the right to correct his sentence based on U.S.S.G. §5G1.3, 18 U.S.C.A. We must begin to analyze the length of time from the time of the indictment rather if the Defendant receive the proper and correct credit during the time of sentence.

The Defendant was serving a term of imprisonment at the time of his sentencing in this case, the Defendant was subject to the provisions of U.S.S.G. §5G1.3, governing the imposition of a sentence on a defendant subject to an undischarged term of imprisonment. If this Court fully took into account the Michigan state sentence in imposing the 12 months and 1 day term of imprisonment in the instant offense to run

-4-

concurrently with the undischarged state term of imprisonment. See U.S.S.G. § 5G1.3(b).

If not, then the Court should have imposed a sentence for the instant offense to run consecutively to the undischarged state term of imprisonment "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." See U.S.S.G. § 5G1.3(c). This Court apparently did not consider U.S.S.G. 5G1.3 and it is not clear, either from the transcript or from the face of the Federal Judgment and Commitment Order itself, whether the term of imprisonment imposed for the instant offense is to run concurrently or consecutively to the undischarged term of imprisonment imposed by the Michigan Court. See United States v. Johnson, 48 F. 3d 806 (4th Cir. 1995).

Accordingly, it is necessary for this Court to remand this case to Amend or Correct Judgment and apply U.S.S.G. § 5G1.3.

## CONCLUSION:

Therefore, under U.S.S.G. § 5G1.3, 18 U.S.C.A. and other applicable laws and statutes, this Court should Amend or Correct the Defendant's Judgment of Sentence. The Court should find and consider whether sentence for Defendant subject to undischarged term of imprisonment should run concurrently or consecutively to the instant offense based on U.S.S.G. § 5G1.3, 18 U.S.C.A.

Respectfully submitted,
By: *Dimitri R. Henderson*
Dimitri R. Henderson

DATED: January 30, 2007