IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DI'MITRI RAY HENDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:07cv113-MHT-TFM |
| UNITED STATES OF AMERICA, ) | (WO) |
| ) | |
| Respondent. ) | |

**O R D E R**

On January 30, 2007, the petitioner, Di'Mitri Ray Henderson ("Henderson") filed a pleading styled as a "Motion to Amend or Correct Judgment."[1] (Doc. No. 1) By this motion, Henderson asks this court to reduce his sentence of imprisonment based on the provisions of U.S.S.G. § 5G1.3. governing the imposition of a sentence on a defendant subject to an undischarged term of imprisonment.[2]

Henderson's asserted claim attacks the legality of his sentence. The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and

---

[1] Although Henderson's motion was date-stamped "received" on February 6, 2007, this court, under the "mailbox rule," deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, January 30, 2007, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] On February 6, 2006, Henderson pled guilty to transportation of counterfeited securities. On June 8, 2006, he was sentenced to twelve months and one day in prison.

sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

Consequently, the claim Henderson now seeks to advance may be presented properly only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). **Accordingly, the court concludes that Henderson's pleading should be construed as a *motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.***

**In light of the foregoing, and in accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court hereby advises Henderson of its intention to re-characterize his pleading as a § 2255 motion.** The court **cautions** Henderson that such re-characterization

will render this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, Henderson is **cautioned** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[3]

It is further

**ORDERED that on or before February 28, 2007**, Henderson shall advise this court whether he seeks to:

1. Proceed before this court on the claims presented in his January 30, 2007, motion (Doc. No. 1);

2. Amend this motion to assert any additional claims on which he wishes to challenge the conviction and sentence imposed upon her by this court; or

3. Dismiss the motion.

Henderson is advised that if he fails to file a response in compliance with this order, this cause will proceed as an action under 28 U.S.C. § 2255, and the court will consider only those claims presented in the motion filed on January 30, 2007.

---

[3] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Done this 7th day of February, 2007.

                /s/Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES MAGISTRATE JUDGE