IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DI'MITRI RAY HENDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | CV NO. 2:07cv113-MHT-TFM |
| | ) | WO |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *"Motion to Amend or Correct Judgment"* by Di'mitri Ray Henderson ("Henderson"), in which Henderson attacked the legality of his sentence for transporting counterfeited securities. (Doc. #1). Through an Order issued on February 7, 2007, the court informed Henderson that his claim was properly presented in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. # 4). The Order notified Henderson that the court would treat his filing as such a motion, but that he had the option of dismissing the action if his intent was not to file a § 2255 motion. *Castro v. United States*, 540 U.S. 375 (2003).

In compliance with the court's Order, Henderson informed the court that his intent was not to challenge his conviction, and that the court should disregard his earlier motion. (Doc. #5).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Henderson's request to withdraw his *"Motion to Amend or Correct Judgment"* be granted, and that this action be dismissed without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 20, 2007.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 8th day of March, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE